# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Arelious Ray Reed,

                Plaintiff,                    Civil Action No.: 12-12861

        vs.                        District Judge Stephen J. Murphy, Jr.

                                  Magistrate Judge Mona K. Majzoub

USIS Corporate Headquarters,

                Defendant.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE

Plaintiff Arelious Reed, proceeding *pro se*, filed his Complaint against Defendant USIS alleging that Defendant fraudulently misrepresented Plaintiff's criminal history on a background check performed at the request of a prospective employer.  (*See* docket no. 1-1.)  On October 10, 2012, the Court entered a Scheduling Order setting deadlines for discovery and for dispositive motions.  (Docket no. 8.)  On January 29, 2013, the Court entered an amended Scheduling Order setting cut-off dates for discovery, pre-trial exchanges, discovery motions, and dispositive motions. (Docket no. 18.)  The Court's scheduling order indicated that "No Adjournments of These Dates Will Be Allowed."  (*Id.* at 1.)

On February 7, 2013, Defendant filed a Motion to Extend All Dates by 30 Days, due to a death in the family of Defendant's primary attorney.  (Docket no. 20.)  The Court amended the scheduling order at Defendant's request and terminated Defendant's Motion.  (Docket no. 21.) Before the Court is Plaintiff's Motion for an Order to Show Cause why Defendant should not be sanctioned for violating the Court's notice that no adjournments of the discovery dates would be allowed.  (Docket no. 22.)  Defendant has not filed a reply.  All pretrial matters have been referred

to the undersigned for consideration.  (Docket no. 13.)  The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

Plaintiff raises his argument under Fed. R. Civ. P. 11(b)(2) and asserts that Defendant's attorney violated the rule by requesting an extension of the Court's scheduling order.  (Docket no. 22 at 2.)  Through an attached affidavit, Plaintiff asserts that he "will suffer immediate and irreparable injury, loss and damage in that negligence, fraud, misrepresentation and creating fraudulent documents" if the Court does not grant his motion.  (*Id.* at 22.)

Rule 11(b) provides that:

By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Fed. R. Civ. P. 11(b)(1), (2).  The test for the imposition of Rule 11 sanctions is whether the individual's conduct was reasonable under the circumstances.  *Tropf v. Fidelity Nat'l. Title Ins. Co.*, 289 F.3d 929, 939 (6th Cir. 2002). The imposition of sanctions for Rule 11 violations is discretionary, not mandatory.  *Hartleip v. McNeilab, Inc.*, 83 F.3d 767, 778 (6th Cir. 1996).

To the extent that Plaintiff raises his arguments under Rule 11(b)(1), aside from his conclusory allegations of "irreparable injury, loss and damage," Plaintiff makes no showing that granting Plaintiff's Motion to Extend the schedule in this matter would cause him any prejudice. Moreover, the Court finds that Defendant's attorney did not file the motion for any improper

purpose. To the contrary, the Court finds that Defendant's request was reasonable under the circumstances.

To the extent that Plaintiff raises his arguments under Rule 11(b)(2), Plaintiff is mistaken in his interpretation of this rule. Rule 11(b)(2) applies to "claims, defenses, and other legal contentions" and the viability of those claims, defense, and contentions under interpretations of existing law (or the establishment of new law). *See* Fed. R. Civ. P. 11(b)(2). Defendant's request to extend the schedule in this matter did not involve any claim, defense, or other legal contention in this matter. There is nothing improper in a party or a party's counsel requesting (i.e., filing a motion) that the Court amend a scheduling order, even if the Court has previously indicated that it is not inclined to make such an amendment.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for an Order to Show Cause [22] is **DENIED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: June 10, 2013            s/ Mona K. Majzoub_____
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Order to Show Cause was served upon Arelious Ray Reed and Counsel of Record on this date.

Dated: June 10, 2013            s/ Lisa C. Bartlett_____
                                Case Manager

3