UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ARELIOUS RAY REED,**

       **Plaintiff,**                      **CIVIL ACTION NO. 12-CV-12861**

    vs.                           **DISTRICT JUDGE STEPHEN J. MURPHY III**

                                   **MAGISTRATE JUDGE MONA K. MAJZOUB**

**USIS CORPORATE HEADQUARTERS,**

       **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff Arelious Reed filed this action alleging that Defendant USIS[1] committed fraud and negligence through misrepresentation when Defendant provided allegedly false information to a third party as part of a criminal background check. (*See* docket no. 1-1.) Before the Court are Defendant's Motion for Judgment on the Pleadings, and Alternatively, for Summary Judgment (docket no. 25) and Plaintiff's Motion for Partial Summary Judgment (docket no. 28). Plaintiff filed a Response to Defendant's Motion[2] (docket no. 29), and Defendant filed a Response to Plaintiff's

---

[1] Plaintiff filed his Complaint against "USIS Corporate Headquarters," but it appears that Defendant's correct legal name was USIS Commercial Services, Inc; Defendant has since changed its name to HireRight Solutions, Inc. (*See* docket no. 25 at 11.) Additionally, in Plaintiff's Complaint, he listed Chris Tillery, Defendant's President, as an individual defendant along with eleven John Does. (*See* docket no. 1-1 at 3.) Plaintiff, however, makes no factual allegations against these individual defendants, and moreover, it does not appear that Plaintiff has served any of these individual defendants. Therefore, the undersigned will recommend dismissing Plaintiff's claims against Mr. Tillery and the unnamed individual defendants without prejudice.

[2] Plaintiff's Response is stylized as a Memorandum in Opposition to Motion for Summary Judgment. (Docket no. 29.)

Motion (docket no. 31). All pretrial Motions have been referred to the undersigned for consideration. (Docket no. 13.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this report and recommendation.

I.  **Recommendation**

For the reasons that follow, the undersigned recommends granting Defendant's Motions for Judgment on the Pleadings [25] and denying Plaintiff's Motion for Partial Summary Judgment [28]. And as noted, *supra* at note 1, to the extent that Plaintiff intended to file his Complaint against Chris Tillery or any other individual defendant, the undersigned also recommends dismissing Plaintiff's claims against any of the individual defendants without prejudice. Therefore, the undersigned recommends dismissing this case in its entirety.

II. **Report**

    A.    **Facts**[3]

On January 4, 2007, Plaintiff was arraigned in the Wayne County Circuit Court on charges of First Degree Murder, Carrying a Concealed Weapon, and Unarmed Robbery; he was denied bond. (*See* docket no. 25-2.) Ultimately, on December 17, 2007, following a bench trial, Judge Vonda Evans found Plaintiff not guilty on the three listed counts but found him guilty of Larceny From the Person. (*See id.* at 5.) Judge Evans released Plaintiff on bond pending his sentencing, which was held on March 6, 2008. (*See id.* at 4-5.) Plaintiff was sentenced to nine months in the Wayne

---

[3]Although the undersigned recommends granting Defendant's Motion for Judgment on the Pleadings, because Plaintiff's factual allegations are minimal, and in an effort to provide context, the following factual background has been supplemented with information from the Parties' motion briefs and attached exhibits.

County Jail and credited with 375 days of time served; he served no additional jail time. (*Id.* at 5.)

On December 23, 2008, Plaintiff applied for employment with Prime, Inc. (Prime).[4] (*See* docket no. 1-1 at 3; docket no. 25-7 at 2.) Prime appears to have hired Defendant to perform a criminal background check of Plaintiff as part of its hiring process. (*See id.*) Defendant performed the background check and uncovered Plaintiff's larceny conviction. (*See* docket no. 29 at 18.) On June 19, 2009, Defendant provided the following report, in relevant part, to Prime:

```
OFFENSE CODE:          750357
OFFENSE:               LARCENY FROM THE PERSON
OFFENSE DATE:          12/17/2007
ARRESTING AGENCY:      REDFORD TWP PD
DATE FILED:            01/24/2007
COURT CASE NUMBER:     07004539
SENTENCE MAXIMUM:      27 YEARS
SENTENCE BEGIN DATE:   03/06/2008
SENTENCE COMMENTS:     TIME SERVED
```

(*See* docket no. 29 at 14.)

Prime decided not to hire Plaintiff, but according to John Hancock, Prime's Director of Recruiting, Prime initially made this determination on December 29, 2008, because Plaintiff had too much unemployment on his application. (Docket no. 25-7 at 2.) It was not until June 12, 2009, when Plaintiff contacted Prime to resubmit an amended application that Prime hired Defendant to conduct a criminal background check. (*Id.*) In his updated application, Plaintiff alleged that he

---

[4] In Plaintiff's Response to Defendant's Motion and in his Motion for Partial Summary Judgment, Plaintiff implies that his claims against Defendant stem from his applications with Prime, Inc., C.R. England, and Mid-American Driving Academy. (*See, e.g.*, docket no. 29 at 2.) Plaintiff did not include any allegations related to C.R. England or Mid-American Driving Academy in his Complaint. Moreover, even if included implicitly, Plaintiff's claims against Defendant with regard to these two entities are identical to his claims against Defendant with regard to Prime. Therefore, the undersigned will only consider Plaintiff's claims with regard to Prime as part of this Report and Recommendation.

attended school at Kaplan University from January 2006 until July 2008 and that he had worked at Dunkin Donuts from January 2007 until December 2008. (*See id.*)

More importantly, however, Mr. Hancock indicates that the background check provided by Defendant had no bearing on Prime's decision not to hire Plaintiff. (*Id.* at 3.) To the contrary, Prime continued to consider Plaintiff for employment even after receiving the background check and only declined to hire Plaintiff "because his application went stale." (*Id.*) That is, due to a lack of response from Dunkin Donuts, Kaplan University, and Plaintiff himself, Prime was unable to verify the employment and educational information contained in Plaintiff's updated application.[5] (*Id.*)

### B. Standards of review

#### 1. Judgment on the Pleadings/Motion to Dismiss

"Motions seeking judgment on the pleadings, brought pursuant to Federal Rule of Civil Procedure 12(c), are reviewed under the same standard applied to motions to dismiss brought pursuant to Rule 12(b)(6)." *Estate of Malloy v. PNC Bank*, No. 11–12922, 2012 WL 1094344, at *4 (E.D. Mich. Apr.2, 2012) (citation omitted). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell*

---

[5]Defendant notes that Plaintiff's application likely contained false information considering that he was in jail awaiting trial from January 2007 to December 2007. (*See* docket no. 25 at 14 n.1.)

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

This acceptance of factual allegations as true, however, is inapplicable to legal conclusions: "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations and citations omitted). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

"Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* To make this determination, a court may apply the following two-part test: (1) "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth; and (2) "assume the veracity [of the remaining allegations] and determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

### 2. Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party may meet that burden "by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions,

>documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
>(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). The Rule also provides the consequences of failing to properly support or address a fact:

>If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
>(1) give an opportunity to properly support or address the fact;
>
>(2) consider the fact undisputed for purposes of the motion;
>
>(3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or
>
>(4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

When the moving party has met its burden under rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industries Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Ultimately a district court must determine whether the record as a whole presents a genuine issue of material fact, *id.* at 587, drawing "all justifiable inferences in the light most favorable to the non-moving party," *Hager v. Pike County Bd. Of Education*, 286 F.3d 366, 370 (6th Cir. 2002).

**C.    Analysis**

Plaintiff's entire Complaint is set forth over four pages, including a caption page and a

verification page. (*See* docket no. 1-1.) Plaintiff vaguely claims that Defendant committed fraud, negligent misrepresentation, or negligence when it erroneously listed Plaintiff's maximum sentence for his December 17, 2007 larceny conviction at 27 years.[6] (*See* docket no. 1-1 at 3-4.) Plaintiff also argues that he was "acquitted on all charges and was never placed on probation."[7] (*Id.*) Plaintiff asserts that Defendant's conduct caused him to lose out on his potential employment with Prime and requests damages in the amount of $30,000,000.00 plus costs and interest. (*Id.* at 4.) As an initial matter, the Court notes that "[p]ro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (emphasis removed, citation omitted). It is through this prism that the Court views Plaintiff's Complaint.

    **1.**     **Plaintiff's Claims of Fraudulent and/or Negligent Misrepresentation**

Under Michigan law, to set forth a claim of fraudulent misrepresentation, the plaintiff must show (1) that the defendant made a material representation; (2) that the representation was false; (3) that when he made it, he knew that it was false, or he made it recklessly, without any knowledge

---

[6] It is unclear exactly what claims Plaintiff intended to bring in his Complaint as the "Cause of Action" lists "Fraud/Negligence Misrepresentation." (*See* docket no. 1-1 at 3.) Defendant presumes that Plaintiff intended to allege two counts, (1) "fraud or misrepresentation" and (2) negligence, and argues in light of this presumption. (*See* docket no. 25 at 19-27.) The undersigned will consider these two possible claims but will also consider the possibility that Plaintiff intended to allege a count of negligent misrepresentation.

[7] In support of this contention, Plaintiff points to the refund of his bond money following his sentencing. (*See* docket no. 29 at 7.) Plaintiff's bond money was returned, presumably, because he appeared for his sentencing, at which time the he was released. Interestingly, Plaintiff also points to a Letter of Clearance from the Detroit Police Department dated March 19, 2008, in which the department notes that Plaintiff has no criminal history in the City of Detroit or the County of Wayne. (*See* docket no. 29 at 47.) This information is immaterial, however, for the reasons discussed herein.

of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by the plaintiff; (5) that the plaintiff acted in reliance upon it; and (6) that the plaintiff was injured as a result. *Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813, 816 (Mich. 1976) (citation omitted). "[T]he absence of any one of [these elements] is fatal to a recovery." *Id.* To establish negligent misrepresentation, a plaintiff must show that he "justifiably relied to his detriment on information prepared without reasonable care by one who owed [him] a duty of care." *Law Offices of Lawrence J. Stockler, P.C. v. Rose*, 174 Mich.App. 14, 30, 436 N.W.2d 70, 79 (1989).

Defendant asserts that the information supplied to Prime in the background check was not materially inaccurate because "no one could plausibly think that Plaintiff served 27 years in prison for a conviction entered in 2007 when he applied for work two years later in 2009," particularly when the report also noted that Plaintiff was sentenced to "time served." (Docket no. 25 at 21.) But even assuming, *arguendo*, that the representation was material, false, and made with knowledge or recklessly, Defendant also argues that Plaintiff has not claimed and cannot claim (1) that Defendant intended *plaintiff* to act on the report, that (2) *plaintiff* acted in reliance on the report, or (3) that Plaintiff has suffered any injury as a result of the report. (*Id.* at 20.) The undersigned agrees.

The report at issue in this matter was prepared by Defendant for Prime. Plaintiff neither alleges, nor could he support any allegation, that Defendant intended for anyone other than Prime to act on the information contained in the report. Moreover, Plaintiff does not allege that he took any action based on the report; to the contrary, he alleges that Prime took action based on the report.

8

(*See* docket no. 1-1 at 3-4.)  Therefore, Plaintiff's claim fails.[8]

Likewise, Plaintiff cannot support his claim of negligent misrepresentation.  Plaintiff has not alleged, nor can he support any allegation, that *he* relied to his detriment on information prepared by Defendant or that Defendant owed *him* any duty of care.  Therefore, the Court should dismiss Plaintiff's claims of fraudulent or negligent misrepresentation.

### 2. Plaintiff's Negligence Claim

To establish negligence, a plaintiff must show that the defendant owed the plaintiff a duty, that the defendant breached that duty, that the breach caused the plaintiff's injuries, and that the plaintiff suffered damages.  *Lelito v. Monroe*, 273 Mich. App. 416 (Mich. App. 2006).  Defendant argues that Plaintiff has not plead and cannot establish any of the elements necessary for him to make out a negligence claim.  Again, the undersigned agrees.  Defendant owed Plaintiff no duty and, therefore, Defendant could not breach any duty owed to Plaintiff.  Thus, even if the information was false, and even if Prime relied on the information in deciding not to hire Plaintiff (which Prime asserts it did not), Plaintiff has failed to state a claim for negligence.  Therefore, the undersigned recommends dismissing Plaintiff's negligence claim.

### D. Conclusion

For the above-stated reasons, the undersigned recommends granting Defendant's Motion for Judgment on the Pleadings [25].  And because the undersigned recommends dismissing Plaintiff's

---

[8]Although Prime has provided information to suggest that it did not deny Plaintiff an employment opportunity based on the report, which suggests that Plaintiff did not suffer any injury as a result of the report, such information is not included in the pleadings in this matter and is, therefore, inappropriate to consider as part of Defendant's Motion for Judgment on the Pleadings.  While this information could be considered as part of Defendant's Motion for Summary Judgment, such a discussion is unnecessary.

claims, his Motion for Partial Summary Judgment [28] should be denied. Additionally, as noted, *supra* at note 1, to the extent that Plaintiff intended to file his Complaint against Chris Tillery or any other individual defendant, the undersigned also recommends dismissing Plaintiff's claims against any of the individual defendants without prejudice. Therefore, the undersigned recommends dismissing this case in its entirety.

### III. Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: December 9, 2013        s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

     I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff Arelious Reed and Counsel of Record on this date.

Dated: December 9, 2013        s/ Lisa C. Bartlett
                                Case Manager