UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARELIOUS RAY REED,

    Plaintiff,

v.

USIS CORPORATE HEADQUARTERS,

    Defendant.
                                             /

Case No. 12-cv-12861

HONORABLE STEPHEN J. MURPHY, III

**ORDER OVERRULING
PLAINTIFF'S OBJECTIONS AND ADOPTING
REPORT AND RECOMMENDATION** (document
no. 32), **GRANTING DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS AND ALTERNATIVELY
FOR SUMMARY JUDGMENT**(document no. 25), **AND DENYING
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** (document no. 28)

Plaintiff Arelious Reed, pro se, filed this action alleging that Defendant USIS[1] committed fraud and negligence through misrepresentation when USIS provided allegedly false information to a third party as part of a criminal background check. The Court referred all pre-trial proceedings to Magistrate Judge Majzoub for resolution or recommendation.

Before the Court are USIS's Motion for Judgment on the Pleadings, and, Alternatively, for Summary Judgment, ECF No. 25, and Reed's Motion for Partial Summary Judgment, ECF No. 29. Reed responded to USIS's motion, ECF No. 29, and USIS responded to

---

[1] Plaintiff filed his complaint against "USIS Corporate Headquarters," but it appears that the party's correct legal name was USIS Commercial Services, Inc. USIS has since changed its name to HireRight Solutions, Inc. Mot for J. on the Pleadings &, Alternatively, for Summ. J. 11, ECF No. 25. In the text, but not the caption of his complaint, Reed listed Chris Tillery, USIS' President and eleven John Does as defendants. He makes no factual allegations against these additional defendants and it does not appear that Reed served any of them. Therefore, the Court accepts the magistrate judge's recommendation to dismiss Reed's claims against Tillery and the unnamed individual defendants without prejudice.

Reed's motion, ECF No. 31. These motions are the subject of the magistrate judge's Report and Recommendation ("Report"), issued on December 9, 2013. ECF No. 32.

On January 4, 2007, Reed was arraigned in the Wayne County Circuit Court on charges of First Degree Murder, Carrying a Concealed Weapon, and Unarmed Robbery. *See* ECF No. 25-2. On December 17, 2007, following a bench trial, Judge Vonda Evans found Reed not guilty on those three counts, but found him guilty of Larceny from the Person. *Id.* Judge Evans released Reed on bond pending his sentencing, which took place on March 6, 2008. *Id.* Reed was sentenced to nine months in the Wayne County jail and was credited with 375 days of time served. *Id.*

On December 23, 2008, Reed applied for employment with Prime, Inc. ("Prime"). ECF No. 25-7. Prime decided not to hire Reed. Hancock Decl., ¶ 4. Reed then submitted a revised application containing work history from January 2006 to June 2009. *Id.*, ¶ 5. Prime apparently hired USIS to perform a criminal background check of Reed as part of its hiring process. On June 19, 2009, USIS provided a background check report with the following information regarding the larceny conviction:

    OFFENSE CODE: 750357
    OFFENSE: LARCENY FROM THE PERSON
    OFFENSE DATE: 12/17/2007
    ARRESTING AGENCY: REDFORD TWP PD
    DATE FILED: 01/24/2007
    COURT CASE NUMBER: 07004539
    SENTENCE MAXIMUM: 27 YEARS
    SENTENCE BEGIN DATE: 03/06/2008
    SENTENCE COMMENTS: TIME SERVED

2

*See* ECF No.29 at 15. Prime claims that it did not offer employment to Reed because it was unable to confirm his reported prior work or educational history. Hancock Decl., ¶¶ 11-12.[2]

In the Report, the magistrate judge explained that, in his complaint, Reed vaguely claims that USIS committed fraud, negligent misrepresentation, or negligence when it erroneously listed Reed's maximum sentence for his December 17, 2007 larceny conviction as 27 years. The magistrate judge construed the complaint to possibly allege "fraud or misrepresentation," negligence, and negligent misrepresentation.

The magistrate judge concluded that Reed's claims for fraudulent and/or negligent misrepresentation fail to allege that USIS intended that Reed act on the report, that Reed acted in reliance on the report, and that Reed has suffered any injury as a result of the report. The magistrate judge explained that Reed has not alleged, nor could he, that USIS intended for anyone other than Prime to act on the information contained in the report. In addition, rather than alleging that he took any action based on the report, Reed alleges that Prime took action based on the report. The magistrate judge also found that the claim of fraudulent or negligent misrepresentation must be dismissed because Reed has not alleged nor can he support an allegation that he relied to his detriment on information prepared by USIS or that USIS owed him any duty of care.

In addition, the magistrate judge determined that Reed has not pleaded and cannot establish any of the elements necessary to state a negligence claim. The magistrate judge explained that USIS owed Reed no duty, and, thus, could not have breached a duty to him.

---

[2] In his response to USIS' motion and in his motion for partial summary judgment, Reed includes information about his applications to C.R. England and Mid-American Driving Academy. Reed has not included allegations related to these applications in his complaint. The Court agrees with the magistrate judge's decision to consider only the pleaded claims regarding Prime.

3

The magistrate judge further explained that, as a result, even if the information was false and Prime relied on it in deciding not to hire Reed, Reed failed to state a negligence claim.

Civil Rule 72(b) governs review of a magistrate judge's report and recommendation. De novo review of the magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Nevertheless, because a district judge always retains jurisdiction over a motion after referring it to a magistrate judge, he is entitled to review the magistrate judge's findings of fact and conclusions of law on his own initiative. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (clarifying that while a district court judge need not review a report and recommendation "de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").

Reed filed an objection to the Report on December 17, 2013. Rather than challenging the magistrate judge's findings and recommendations, Reed points to evidence that he submitted with his motion that his bond money was refunded following his sentencing and a letter from the Detroit Police Department dated March 18, 2008, which notes that he has no criminal history in Detroit or Wayne County. The magistrate judge properly concluded that this information was immaterial to decide the issues before it. The Wayne County Circuit Court records clearly show that Reed was convicted of larceny and was sentenced on March 6, 2008. The report that USIS prepared contained this information and the only erroneous information in the document was that the maximum sentence was 27 years. Reed's evidence is irrelevant to his claims because he cannot allege that he, rather than

4

Prime, took action based on the report or relied on it or that USIS owed him a duty. Accordingly, the Court finds that the objection lacks merit and it will be overruled.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Reed's objection (document no. 33) is **OVERRULED** and the magistrate judge's Report (document no. 32) is **ADOPTED**.

**IT IS FURTHER ORDERED** that USIS' motion for judgment on the pleadings (document no. 25) is **GRANTED**.

**IT IS FURTHER ORDERED** that Reed's motion for partial summary judgment (document no. 28) is **DENIED**.

**IT IS FURTHER ORDERED** that the complaint against USIS is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that, to the extent that Reed intended to file his complaint against Chris Tillery or any other individual defendant, those claims are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

                                         s/Stephen J. Murphy, III
                                         STEPHEN J. MURPHY, III
                                         United States District Judge

Dated: January 20, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 20, 2014, by electronic and/or ordinary mail.

                                         s/Carol Cohron
                                         Case Manager